CJ-15-5283

IN THE DISTRICT COURT OF OKLAHOMA COUNTY
STATE OF OKLAHOMA

| | |
|---|---|
| RANDY BLAKE PATTERSON, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. CJ-2015-5283 |
| NATIONAL BOARD OF MEDICAL EXAMINERS, | ) ) ) |
| Defendant. | ) ) |

## PETITION

COMES NOW the Plaintiff, Randy Blake Patterson, and states the following:

1. Defendant, National Board of Medical Examiners, ("NBME") is a non-profit corporation organized in the state of Pennsylvania.

2. Defendant does business in the State of Oklahoma by contracting with all student graduates from the University of Oklahoma College of Medicine, including Plaintiff, who are seeking professional licensure as allopathic physicians, to provide testing of various skills and knowledge.

3. United State Medical Licensing Examination (USMLE) is the only acceptable competency examination recognized by state medical boards for the purposes of allopathic medical licensure in the United States.

4. Defendant does not license physicians and is not an agent of any state.

5. On January 7, 2013, Plaintiff, Randy Blake Patterson, was a graduating medical student who had paid and contracted with Defendant to take Step 2 of the United States Medical Licensing Examination administered by Defendant in Los Angeles, California.

6. Under the terms of the contract between Plaintiff and Defendant NBME, Defendant

1


EXHIBIT 1

agreed to provide a test, that was fair, of Plaintiff's clinical skills in the Step 2 examination required for Plaintiff to become a licensed physician in the United States.

7. During the January 7, 2013 examination in Los Angeles, California the testing center experienced a power failure preventing Plaintiff from completing his test.

8. Plaintiff timely, i.e. immediately after the conclusion of the administration of that day's examination, and in accordance with his contract with Defendant; Plaintiff notified Defendant in writing of his concern that the power failure may have compromised portions of his electronic examination record, and was disruptive to the testing environment.

9. Despite Plaintiff's timely written notification, Defendant did not formally notify Plaintiff of his incomplete examination record, and purported failure of the Step 2 examination until March 22, 2013.

10. Defendant knew, and is always aware, that graduate medical education ("residency") training programs begin on July 1st nationwide; and that failure to complete the Step 2 examination by July 1st would render Plaintiff ineligible to qualify for licensure in time to enter a residency training program.

11. Despite this knowledge and many years experience in testing medical students and graduates, and timely written notification by the Plaintiff per the terms of their contract (i.e. January 7, 2013, the day of the event), Defendant did not "reset" Plaintiff for repeat examination until April 29, 2013.

12. Due to Defendant's unreasonable delay in breach of his contract with Defendant in resetting Plaintiff for Step 2, Plaintiff was only able to take the Step 2 examination on August 6, 2013, thereby preventing Plaintiff from qualifying for professional licensure in adequate time to enter residency training in July, 2013.

13. Plaintiff reapplied for residency training in 2014 but was denied acceptance into a

satisfactory program due to a one-year gap in his professional training record, which irreparably and permanently damaged his credentials to any and all residency training programs.

14. Defendant contracted with Plaintiff and other students similarly situated to make "reasonable efforts" to correct any error in the administration of the Step 2 examination.

15. Defendant breached its contract with Plaintiff by failing to make a reasonable effort under the circumstances to arrange for Plaintiff to retake the Step 2 examination in time to qualify for licensure in time to begin residency training, thereby costing Plaintiff the benefit of his four years of medical school.

16. Despite completing medical school, Plaintiff will likely never become a residency-trained medical specialist in any medical specialty, due to the breach of contract by Defendant, causing substantial lifetime economic loss.

17. Although Plaintiff has attempted to mitigate his damages suffered as a result of the Defendant's breach, he has spent considerable sums on his medical education, has incurred substantial debt and opportunity cost, and has been delayed in pursuing any professional career by at least six years.

18. With Defendant's decades-long experience in testing medical graduates and students, Plaintiff's damages were clearly foreseeable to Defendant when it failed to timely reset Plaintiff for a repeat of the Step 2 examination.

19. As a result of Defendant's breach of contract with Plaintiff, Plaintiff has been damaged in an amount in excess of $75,000.00.

WHEREFORE, premises considered, Plaintiff prays judgment against the Defendant for an amount in excess of $75,000.00, together with costs, interest, and all other necessary and proper relief.

Respectfully Submitted,

_____
Steven E. Clark, OBA#1712
Heather Mitchell, OBA#14035
CLARK & MITCHELL, P.C.
101 Park Avenue, Suite 210
Oklahoma City, OK 73102
(405) 235-8488
(405) 235-7979 (fax)
clark@clarkmitchell.com
heather@clarkmitchell.com
*Attorneys for Plaintiff*

**ATTORNEYS' LIEN CLAIMED**