# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| (1) RANDY BLAKE PATTERSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-15-1204-HE |
| ) | |
| (1) NATIONAL BOARD OF ) | *(Formerly District Court of Oklahoma* |
| MEDICAL EXAMINERS, ) | *County Case No. CJ-2015-5283)* |
| ) | |
| Defendant. ) | |

## **DEFENDANT'S ANSWER TO PLAINTIFF'S PETITION**

Defendant, National Board of Medical Examiners ("NBME" or "Defendant") for its answer to the Plaintiff's Petition alleges and states that it denies all allegations not specifically admitted and further states as follows:

1. With respect to paragraph 1 of Plaintiff's Petition, NBME admits that it is a non-profit corporation incorporated in Washington, D.C. with its headquarters in Pennsylvania.

2. With respect to paragraph 2 of Plaintiff's Petition, Defendant admits that it provides for the administration of the United States Medical Licensing Examination ("USMLE") to eligible individuals seeking medical licensure. Defendant also admits that it makes USMLE available to students and/or graduates from the University of Oklahoma College of Medicine. Defendant denies the remainder of the statements and allegations contained in paragraph 2 of Plaintiff's Petition.

3. With respect to paragraph 3 of Plaintiff's Petition, Defendant admits only that USMLE is accepted by all U.S. state medical licensing authorities to satisfy the examination requirement for allopathic licensure.

4. Defendant admits the statements and allegations contained in paragraph 4 of Plaintiff's Petition.

5. With respect to paragraph 5 of Plaintiff's Petition, Defendant admits that Plaintiff paid to take the Step 2 Clinic Skills ("CS") examination of the USMLE administered in Los Angeles, California and that Plaintiff took Step 2 CS on January 7, 2013. Defendant denies that a contract existed between Plaintiff and Defendant, but even if there was, Plaintiff's exclusive remedy under the alleged contract was performed by Defendant. Defendant is without sufficient information or knowledge to admit or deny the remaining statements and allegations contained in paragraph 5 of Plaintiff's Petition and therefore, denies the same.

6. With respect to paragraph 6 of Plaintiff's Petition, Defendant admits that it provided a Step 2 CS examination to Plaintiff that was fair and admits that the Step 2 CS examination is part of the testing required in order to become a licensed physician in the United States. Defendant denies that there was a contract between Plaintiff and Defendant, but even if there was, Plaintiff's exclusive remedy under the alleged contract was performed by Defendant.

7. With respect to paragraph 7 of Plaintiff's Petition, Defendant admits that during the January 7, 2013, examination in Los Angeles, California, the testing center

experienced a brief power failure. Defendant denies the remainder of the statements and allegations contained in paragraph 7 of Plaintiff's Petition.

8. With respect to paragraph 8 of Plaintiff's Petition, Defendant admits that Plaintiff notified Defendant of his concern regarding the brief power failure experienced at the testing center during the January 7, 2013 examination. Defendant denies that there was a contract between Plaintiff and Defendant, but even if there was, Plaintiff's exclusive remedy under the alleged contract was performed by Defendant. Defendant is without sufficient information or knowledge to admit or deny the remaining statements and allegations contained in paragraph 8 of Plaintiff's Petition and therefore, denies the same.

9. With respect to paragraph 9 of Plaintiff's Petition, Defendant admits that on March 22, 2013, Plaintiff was notified that USMLE staff had determined that the result of Plaintiff's Step 2 CS Examination was below the passing level. While it was not possible to determine what impact, if any, the brief power outage had on Plaintiff's performance, Defendant nonetheless provided him an opportunity to retake the Step 2 CS examination free of charge. Defendant denies that it acted wrongfully in regard to the timing of notifying Plaintiff that the result of Plaintiff's Step 2 CS examination was below the passing level.

10. Defendant denies the statements and allegations contained in paragraph 10 of Plaintiff's Petition.

11. With respect to paragraph 11 of Plaintiff's Petition, Defendant admits that Plaintiff notified Defendant of his concern regarding the brief power failure experienced

by the testing center during the January 7, 2013, examination. Defendant denies that there was a contract between Plaintiff and Defendant, but even if there was, Plaintiff's exclusive remedy under the alleged contract was performed by Defendant. Defendant denies the remainder of the statements and allegations contained in paragraph 11 of Plaintiff's Petition.

12. Defendant denies the statements and allegations contained in paragraph 12 of Plaintiff's Petition.

13. With respect to paragraph 13 of Plaintiff's Petition, Defendant denies that it did anything to irreparably and permanently damage Plaintiff's credentials to any and all residency programs. Defendant is without sufficient information or knowledge to admit or deny the remaining statements and allegations contained in paragraph 13 of Plaintiff's Petition and therefore, denies the same.

14. With respect to paragraph 14 of Plaintiff's Petition, Defendant admits that it makes reasonable efforts, if possible, to resolve issues, if any, in the administration of the USMLE. Defendant denies that there was an error in the administration of Plaintiff's Step 2 CS examination, but to the extent there was, Defendant made reasonable efforts to accommodate Plaintiff. Defendant denies that there was a contract between Plaintiff and Defendant, but even if there was, Plaintiff's exclusive remedy under the alleged contract was performed by Defendant.

15. Defendant denies the statements and allegations contained in paragraph 15 of Plaintiff's Petition.

16. Defendant denies the statements and allegations contained in paragraph 16 of Plaintiff's Petition.

17. With respect to paragraph 17 of Plaintiff's Petition, Defendant denies that there was a contract between Plaintiff and Defendant, and that Defendant breached any contract, but even if there was, Plaintiff's exclusive remedy under the alleged contract was performed by Defendant. Defendant is without sufficient information or knowledge to admit or deny the remainder of the statements and allegations contained in paragraph 17 of Plaintiff's Petition and therefore, denies the same.

18. With respect to paragraph 18 of Plaintiff's Petition, Defendant admits that it has experience in providing the USMLE to medical school graduates and students. Defendant denies the remainder of the statements and allegations contained in paragraph 18 of Plaintiff's Petition.

19. Defendant denies the statements and allegations contained in paragraph 19 of Plaintiff's Petition.

20. Defendant denies that Plaintiff is entitled to the relief requested in the "WHEREFORE" paragraph on page 3 of Plaintiff's Petition.

## OTHER AND AFFIRMATIVE DEFENSES

1. Plaintiff has failed to state a claim upon which relief may be granted.

2. Defendant denies that it is liable to Plaintiff under any theory of fact or law.

3. Plaintiff's claims are barred by estoppel.

4. Plaintiff's claims are barred by laches.

5. Plaintiff has failed to mitigate his alleged damages.

6. To the extent there is a contract between Plaintiff and Defendant, Defendant did not breach same.

7. To the extent there is a contract between Plaintiff and Defendant, Plaintiff's claims are barred, in whole or in part, as Plaintiff's exclusive remedy under the alleged contract was performed by Defendant.

8. To the extent there is a contract between Plaintiff and Defendant, Defendant did not deprive Plaintiff of the benefit of the alleged contract.

9. Defendant did not take any action that was unreasonable or unfounded regarding Plaintiff's registration, testing, or scoring.

10. Plaintiff's claims are barred by accord and satisfaction.

11. Any damages allegedly suffered by Plaintiff, if any, were the result of Plaintiff's own conduct and not attributable to Defendant.

12. Any damage allegedly suffered by Plaintiff, if any, were caused or contributed to by the acts or omissions of third parties over whom this Defendant had no custody or control.

13. Defendant reserves the right, to the fullest extent permitted by the Federal Rules of Civil Procedure and any Scheduling Order entered by this Honorable Court, to amend its Answer with additional defenses as this case progresses.

Dated: November 2, 2015

                                          Respectfully submitted,

                                          /s/ Jack S. Dawson
                                        Jack S. Dawson, OBA #2235
                                        Amy L. Alden, OBA #16978
                                        MILLER DOLLARHIDE, P.C.
                                        210 Park Avenue, Suite 2550
                                        Oklahoma City, OK 73102
                                        Telephone: (405) 236-8541
                                        Facsimile:  (405) 235-8150
                                        jdawson@millerdollarhide.com
                                        aalden@millerdollarhide.com
                                        ***Attorneys for Defendant***

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 2nd day of November, 2015, I electronically transmitted the attached document to the Clerk of the Court using the ECF System for filing. Based upon the records currently on file, the Clerk of the Court will transmit a Notice of Electronic Filing to the following ECF registrants:

    Steven E. Clark, clark@clarkmitchell.com
    Heather Mitchell, heather@clarkmitchell.com
    CLARK & MITCHELL, P.C.
    101 Park Ave., Suite 210
    Oklahoma City, Oklahoma 73102
    ***Attorneys for Plaintiff***

                                          /s/  Jack S. Dawson