# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| (1) RANDY BLAKE PATTERSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-15-1204-HE |
| | ) | |
| (1) NATIONAL BOARD OF | ) | *(Formerly District Court of Oklahoma* |
| MEDICAL EXAMINERS, | ) | *County Case No. CJ-2015-5283)* |
| | ) | |
| Defendant. | ) | |

## JOINT STATUS REPORT AND DISCOVERY PLAN

**Date of Conference:**          January 7, 2016 at 11:10 a.m.

**Appearing for Plaintiff:**     Steven E. Clark, OBA No. 1712
CLARK & MITCHELL, P.C.
101 Park Avenue, Suite 210
Oklahoma City, OK 73102
Telephone: (405) 235-8488
Facsimile:  (405) 235-7979
Email: clark@clarkmitchell.com

**Appearing for Defendant**:     Jack S. Dawson, OBA No. 2235
Amy L. Alden, OBA No. 16978
Andrea R. Rust, OBA No. 30422
MILLER DOLLARHIDE, P.C.
210 Park Avenue, Suite 2550
Oklahoma City, OK 73102
Telephone: (405) 236-8541
Facsimile: (405) 235-8130
Email: jdawson@millerdollarhide.com
Email: aalden@millerdollarhide.com
Email: arust@millerdollarhide.com

Jury Trial Demanded ☐                Non-Jury Trial ☐

> Plaintiff:    Demands jury trial.

> NBME:    Pursuant to Local Civil Rule 81.1, Plaintiff has waived his right to a jury trial.  Plaintiff did not demand a jury trial in the state court action and did not file a demand for a jury trial within 14 days after receiving service of the notice of removal – said notice being filed and mailed to Plaintiff's counsel on October 26, 2015.

1.    **BRIEF PRELIMINARY STATEMENT**.

A.    Plaintiff:

On January 7, 2013, Plaintiff, Randy Blake Patterson, was a graduating medical student who had paid and contracted with Defendant to take Step 2 of the United States Medical Licensing Examination administered by Defendant in Los Angeles, California.  Under the terms of the contract between Plaintiff and Defendant NBME, Defendant agreed to provide a test, that was fair, of Plaintiff's clinical skills in the Step 2 examination required for Plaintiff to become a licensed physician in the United States.

During the January 7, 2013 examination in Los Angeles, California the testing center experienced a power failure preventing Plaintiff from completing his test.

Plaintiff timely, i.e. immediately after the conclusion of the administration of that day's examination, and in accordance with his contract with Defendant; Plaintiff notified Defendant in writing of his concern that the power failure may have compromised portions of his electronic examination record, and was disruptive to the testing environment.

Defendant rescheduled Plaintiff for Step 2 on August 6, 2013.  He was thus prevented from qualifying for professional licensure in adequate time to enter residency training on July 1, 2013.

Plaintiff contends he reapplied for residency training in 2014 but was denied acceptance into a satisfactory program due to a one-year gap in his professional training record, which irreparably and permanently damaged his credentials to any and all residency training programs.

B.      Defendant, National Board of Medical Examiners:

The National Board of Medical Examiners ("NBME") is the United States examination board which sets state recognized examinations for all medical students.    The NBME is an independent, not-for-profit corporation and is headquartered in Philadelphia, Pennsylvania.  NBME's mission is to "protect the health of the public through state of the art assessment of health professionals."

The United States Medical Licensing Examination ("USMLE"), introduced in 1992, is a multi-part professional exam sponsored by the Federation of State Medical Boards ("FSMB") and the NBME.  The USMLE assesses a physician's ability to apply knowledge, concepts, and principles, and to demonstrate fundamental patient-centered skills, that are important in health and disease and that constitute the basis of safe and effective patient care.  In the United States and its territories, the individual medical licensing authorities ("state medical boards") of the various jurisdictions grant a license to practice medicine.  Each state medical board sets its own rules and regulations and requires passing an examination that demonstrates qualification for licensure.  Results of the USMLE are reported to these authorities for use in granting the initial license to practice medicine.  The USMLE provides state medical boards with a common evaluation system for applicants for medical licensure.

Applicants are advised that if some sort of error occurs in the testing process, all they can expect is the opportunity to retake the test.  The power failure alleged by Plaintiff was beyond the control of NBME.   Plaintiff completed this portion of the test using pen and paper.  He did fail his test.  If he had scored absolutely perfect on the one portion where the power failed, (most unlikely) he might have passed the entire test.  He was allowed to retake the test.  NBME did not unreasonably delay Plaintiff's retake and all of NBME's actions were reasonable under the circumstances.  If Plaintiff was not able to find a suitable residency program, which in turn ruined his career, all of which is denied, that was not the fault of NBME.

2.    **JURISDICTION**.

This case was originally filed in Oklahoma County District Court.   On or about October 26, 2015, NBME filed a Notice of Removal alleging complete diversity between Plaintiff and NBME pursuant to 28 U. S.C. § 1332.

3.    **STIPULATED FACTS**.  (List stipulations as to all facts that are not disputed, including jurisdictional facts.)

a.      Plaintiff is a citizen of Oklahoma who resides in Oklahoma County, Oklahoma, now, and at the time this action was commenced.

b.      NBME is a not-for-profit corporation organized under the laws of the District of Columbia, with its principal place of business now, and at the time this action was commenced, at 3750 Market Street, Philadelphia, Pennsylvania 19104.  NBME is now, and was at the time this action was commenced, a citizen of a state or district other than Oklahoma.

4.      **CONTENTIONS AND CLAIMS FOR DAMAGES OR OTHER RELIEF SOUGHT**.

A.      Plaintiff:

1.      Defendant breached its contract with Plaintiff by failing to make a reasonable effort under the circumstances to arrange for Plaintiff to retake the Step 2 examination in time to qualify for licensure in time to begin residency training, thereby costing Plaintiff the benefit of his four years of medical school.

2.      Plaintiff will likely never become a residency-trained medical specialist in any medical specialty, due to the breach of contract by Defendant, causing substantial lifetime economic loss.

3.      Plaintiff has attempted to mitigate his damages suffered as a result of the Defendant's breach, he has spent considerable sums on his medical education, has incurred substantial debt and opportunity cost, and has been delayed in pursuing any professional career by at least six years.

4.      With Defendant's decades-long experience in testing medical graduates and students, Plaintiff's damages were clearly foreseeable to Defendant when it failed to timely reset Plaintiff for a repeat of the Step 2 examination.

5.      As a result of Defendant's breach of contract with Plaintiff, Plaintiff has been damaged in an amount in excess of $75,000.00.

B.      NBME:

1.      Even if there were a contract between Plaintiff and NBME, NBME did not breach the alleged contract.

2.      Even if there were a contract between Plaintiff and NBME, Plaintiff's claims are barred, in whole or in part, as Plaintiff's exclusive remedy under the alleged contract was performed by NBME.

3.      Even if there were a contract between Plaintiff and NBME, NBME did not deprive Plaintiff of the benefit of the alleged contract.

4.      NBME did not act wrongfully or take any action that was unreasonable or unfounded regarding Plaintiff's registration, testing, or scoring.

5.      NBME did not act wrongfully in regard to the timing of notifying Plaintiff that the result of Plaintiff's Step 2 CS examination was below the passing level.

6.      Plaintiff has failed to state a claim upon which relief may be granted.

7.      NBME denies that it is liable to Plaintiff under any theory of fact or law.

8.      Plaintiff's claims may be barred by estoppel.

9.      Plaintiff's claims may be barred by laches.

10.     Plaintiff has failed to mitigate his alleged damages.

11.     Plaintiff's claims are barred by accord and satisfaction.

12.     Any damages allegedly suffered by Plaintiff, if any, were the result of Plaintiff's own conduct and not attributable to NBME.

13.     Any damages allegedly suffered by Plaintiff, if any, were caused or contributed to by the acts or omissions of third parties over whom this Defendant had no control.

14.     NBME reserves the right, to the fullest extent permitted by the Federal Rules of Civil Procedure and any Scheduling Order entered by this Honorable Court, to plead and prove additional defenses as warranted by the evidence.

5. **APPLICABILITY OF FED. R. CIV. P. 5.1 AND COMPLIANCE**.

   Do any of the claims or defenses draw into question the constitutionality of a federal or state statute where notice is required under 28 U.S.C. § 2403 or Fed. R. Civ. P. 5.1?

   Yes ☐        No ☑

6. **MOTIONS PENDING AND/OR ANTICIPATED** (include date of filing, relief requested, and date responsive brief to be filed).

   a.   Plaintiff:  None at this time.

   b.   NBME:  After discovery is complete, Defendant anticipates filing a motion for summary judgment as to all claims.

7. **COMPLIANCE WITH RULE 26(a)(1)**.

   Have the initial disclosures required by Fed. R. Civ. P. 26(a)(1) been made?

   Yes ☐        No ☑

   If "no," by what date will they be made? Initial disclosures will be made by January 14, 2016.

8. **PLAN FOR DISCOVERY**.

   A.   The discovery planning conference (Fed. R. Civ. P. 26(f)) was held on November 25, 2015.

   B.   The parties anticipate that discovery should be completed within: **Six (6) months.**

   C.   In the event ADR is ordered or agreed to, what is the minimum amount of time necessary to complete necessary discovery prior to the ADR session? **Four (4) months.**

   D.   Have the parties discussed issues relating to disclosure or discovery of electronically stored information, including the form or forms in which it

should be produced, pursuant to Fed. R. Civ. P. 26(f)(3)(C)?
**Yes** ☑        **No** ☐
   Probably not applicable.

E.   Have the parties discussed issues relating to claims of privilege or of protection as trial-preparation material pursuant to Fed. R. Civ. P. 26(f)(3)(D)?
**Yes** ☑        **No** ☐
   Probably not applicable.

To the extent the parties have made any agreements pursuant to Fed. R. Civ. P. 26(f)(3)(D) and Fed. R. Civ. P. 502(e) regarding a procedure to assert claims of privilege/protection after production and are requesting that the court include such agreement in an order, please set forth the agreement in detail below and submit a proposed order adopting the same. **Not Applicable at present, although NBME will claim attorney-client privilege on some inter-company communications, as well as attorney work product doctrine.**

F.   Identify any other discovery issues which should be addressed at the scheduling conference, including any subjects of discovery, limitations on discovery, protective orders needed, or other elements (Fed. R. Civ. P. 26(f)) which should be included in a particularized discovery plan. **None known at this time.**

9.   **ESTIMATED TRIAL TIME**:

2-3 days

10.   **BIFURCATION REQUESTED**:

Yes ☐        No ☑

11.   **POSSIBILITY OF SETTLEMENT**:

Good ☐     Fair ☑        Poor ☐

12.   **SETTLEMENT AND ADR PROCEDURES**:

A.   Compliance with LCvR 16.1(a)(1) - ADR discussion:
Yes ☑        No ☐

B.      The parties request that this case be referred to the following ADR process:
  ☐ Mediation
  ☐ Judicial Settlement Conference
  ☐ Other _____
  ☐ None - the parties do not request ADR at this time.

Plaintiff: Requests that this case be referred to mediation.
NBME: Does not request ADR at this time.

13. **Parties consent to trial by Magistrate Judge?**

Yes ☐  No ☐

Plaintiff: Yes.
NBME: No.

14. **Type of Scheduling Order Requested.**

Standard ☑  Specialized ☐

Submitted this 28th day of December, 2015.

Respectfully submitted,


  /s/ Steven E. Clark
  Steven E. Clark, OBA No. 1712
  Heather Mitchell, OBA No. 14035
  CLARK & MITCHELL, P.C.
  101 Park Avenue, Suite 210
  Oklahoma City, OK 73102
  Telephone: (405) 235-8488
  Facsimile:  (405) 235-7979
  Email: clark@clarkmitchell.com
  Email: heather@clarkmitchell.com
  ***Attorneys for Plaintiff***

  *And*


  /s/ Jack S. Dawson
  Jack S. Dawson, OBA No. 2235
  Amy L. Alden, OBA No. 16978
  Andrea R. Rust, OBA No. 30422

MILLER DOLLARHIDE, P.C.
210 Park Avenue, Suite 2550
Oklahoma City, OK 73102
Telephone: (405) 236-8541
Facsimile:   (405) 235-8150
jdawson@millerdollarhide.com
aalden@millerdollarhide.com
arust@millerdollarhide.com
***Attorneys for Defendant***

## CERTIFICATE OF SERVICE

I hereby certify that on the 28th day of December, 2015, I electronically transmitted the attached document to the Clerk of the Court using the ECF System for filing. Based upon the records currently on file, the Clerk of the Court will transmit a Notice of Electronic Filing to the following ECF registrants:

Steven E. Clark, clark@clarkmitchell.com
Heather Mitchell, heather@clarkmitchell.com
Jack S. Dawson, jdawson@millerdollarhide.com
Amy L. Alden, aalden@millerdollarhide.com
Andrea R. Rust, arust@millerdollarhide.com

/s/ Steven E. Clark