## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| (1) RANDY BLAKE PATTERSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | Case No. CIV-2015-1204-HE |
| (1) NATIONAL BOARD OF MEDICAL EXAMINERS, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

## DEFENDANT'S NOTICE OF INTENTION TO REQUEST PRODUCTION OF DOCUMENTS FROM AT&T

Pursuant to Fed.R.Civ.P. 45 and L.Cv.R. 45.1(a), Defendant, National Board of Medical Examiners ("NBME"), hereby gives Notice of its intent to serve the attached Subpoena, requesting the production of documents, on AT&T, 11760 US Highway One, North Palm Beach, FL 33408.

DATE: May 13, 2016

Respectfully Submitted,

___/s/  Jack S. Dawson___
Jack S. Dawson, OBA No. 2235
Amy L. Alden, OBA No. 16978
Andrea R. Rust, OBA No. 30422
MILLER DOLLARHIDE, P.C.
210 Park Avenue, Suite 2550
Oklahoma City, OK 73102
Telephone: (405) 236-8541
Facsimile: (405) 235-8130

jdawson@millerdollarhide.com
aalden@millerdollarhide.com
arust@millerdollarhide.com
***Attorneys for Defendant,***
***National Board of Medical Examiners***

## CERTIFICATE OF SERVICE

I hereby certify that on this 13th day of May, 2016, I electronically transmitted the attached document to the Clerk of the Court using the ECF System for filing.  Based upon the records currently on file, the Clerk of the Court will transmit a Notice of Electronic Filing to the following ECF registrants:

Steven E. Clark, OBA No. 1712
Heather Mitchell, OBA No. 14035
CLARK & MITCHELL, P.C.
101 Park Avenue, Suite 210
Oklahoma City, OK 73102
Telephone: (405) 235-8488
Facsimile: (405) 235-7979
clark@clarkmitchell.com
heather@clarkmitchell.com
***Attorneys for Plaintiff***

/s/   Jack S. Dawson

2

AO 88B  (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
Western District of Oklahoma

| | |
|---|---|
| RANDY BLAKE PATTERSON | ) |
| *Plaintiff* | ) |
| v. | ) |
| NATIONAL BOARD OF MEDICAL EXAMINERS | ) |
| *Defendant* | ) |

Civil Action No.   CIV-2015-1204-HE

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:               AT&T
        11760 US Highway One, North Palm Beach, FL 33408

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

    SEE EXHIBIT A, attached hereto and incorporated herein by reference

| Place: PALM BEACH COPY SERVICE, 1335 Old Okeechobee Road, Suite 700, West Palm Beach, FL 33401 OR to MILLER DOLLARHIDE, at the below address or email | Date and Time: 06/08/2016 by 3 p.m. |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

    The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

        *CLERK OF COURT*
                                        OR

_____          _____
*Signature of Clerk or Deputy Clerk*              *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
Defendant, National Board of Medical Examiners          , who issues or requests this subpoena, are:
Jack S. Dawson, Esq., Amy L. Alden, Esq., and Andrea R. Rust, Esq., 210 Park Avenue, Suite 2550, Oklahoma City, OK 73102; (405) 236-8541; jdawson@millerdollarhide.com; aalden@millerdollarhide.com; arust@millerdollarhide.com

## Notice to the person who issues or requests this subpoena
A notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. CIV-2015-1204-HE

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00  .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
  **(i)** is a party or a party's officer; or
  **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
 **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
 **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
 **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
  **(i)** fails to allow a reasonable time to comply;
  **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
  **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  **(iv)** subjects a person to undue burden.
 **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
  **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

 **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
 **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
 **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  **(i)** expressly make the claim; and
  **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## EXHIBIT A

### I.   *Instructions and Definitions*

1.    The terms "you" and "your" shall mean AT&T and any of their agents, representatives, employees and/or assigns.

2.    The term "Plaintiff" or "Mr. Patterson" shall refer to Randy Blake Patterson.

3.    The terms "and" and "or" shall each refer to "and/or," whichever use makes the request most inclusive.

4.    The term "document" or "documents" shall be construed in the most comprehensive and inclusive sense permitted by the Federal Rules of Civil Procedure and includes but is not limited to, every writing or record of every type and description that is in the possession, custody or control of you, including but not limited to correspondence (interoffice, intra-office or otherwise), communications, letters, memoranda, notices, confirmations, summaries or records of conversations, voice and sound recordings, films, electronic mail, computer data and any other form of electronic, magnetic, or computerized media, telephone recordings and transcriptions, photographs, notebooks, summaries or reports of physicians or consultants, pamphlets, notes from telephone conversations, agreements, reports, memoranda, studies, summaries, minutes, notes, instructions, manuals, any marginal comments or post-it notes appearing on any documents, and all other written, printed, computerized, computer-stored or maintained, or typed information of any nature whatsoever.

5.    Included in the definition of "document" or "documents" as used herein are files, file folders, electronic files, electronic file folders, and any other computerized, computer-stored or maintained files or file folders. Accordingly, produce files and file folders together with the documents they contain.

6.    For purposes of these requests, the use of the singular shall be construed as the use of the plural and *vice versa*; "any" includes "all" and *vice versa*; "each" includes "every" and *vice versa*; and the masculine includes the feminine and *vice versa*.

## II.    *Requests to Produce Documents*

1.    Please produce copies of any and all documents, including all cellular records of Mr. Patterson from January 7, 2013, to November 1, 2013, including but not limited to records indicating numbers dialed/called and the length/duration of each such call.

2.    Please produce copies of any and all documents, including all cellular records for phone number 405-473-0210 from January 7, 2013, to November 1, 2013, including but not limited to records indicating numbers dialed/called and the length/duration of each such call.

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA**

(1) RANDY BLAKE PATTERSON,     )
                                    )
          Plaintiff,          )
v.                              )
                                    )    Case No. CIV-2015-1204-HE
(1) NATIONAL BOARD OF MEDICAL   )
EXAMINERS,                 )
                                    )
         Defendant.      )

## DECLARATION OF AUTHENTICITY

    I (name) _____, hereby declare that I am the (title) _____, for AT&T, and that, in that position, I am duly authorized and qualified to make the declarations contained herein.

1.     AT&T has produced copies of the following records (the "Records") in response to a third-party Subpoena that AT&T received in connection with the above-captioned lawsuit:

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

(Attach additional pages if necessary)

2.     The copies of the Records that AT&T has produced in response to the Subpoena constitute full, complete, true and correct copies of the Records as maintained by AT&T.

3.      The Records were prepared by AT&T in the regular course of business at or near the time of the acts, conditions, events or occurrences described in the Records by a person with knowledge or based upon information transmitted by persons knowledgeable of those matters.

4.      The Records were kept in the course of AT&T's regularly conducted business activities.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this _____ day of _____, at (City) _____, (State) _____.

By:     _____
        (Signature)


        _____
        (Printed Name)

Title:  _____

2