IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| (1) RANDY BLAKE PATTERSON, )<br>)<br>Plaintiff, )<br>v. )<br>)<br>(1) NATIONAL BOARD OF MEDICAL )<br>EXAMINERS, )<br>)<br>Defendant. ) | Case No. CIV-2015-1204-HE |

**PLAINTIFF'S MOTION TO QUASH DEFENDANT'S SUBPOENA TO PRODUCE DOCUMENTS TO OKLAHOMA CHRISTIAN UNIVERSITY**

COMES NOW, the Plaintiff and pursuant to Fed.R.Civ.P. 45, requests this Court quash the Subpoena Duces Tecum issued by Defendant, National Board of Medical Examiners, to Oklahoma Christian University [Doc. No. 30].

In this lawsuit, Plaintiff claims Defendant failed to reset him in a timely manner to retake his residency exam after a power failure and disruption during his initial exam caused him to fail the exam. As a result of failing the exam, he did not match with a residency program. Defendant claims Plaintiff would have failed the exam even without the power failure. Defendant now seeks Plaintiff's undergraduate records from Oklahoma Christian University. These documents are irrelevant. No residency program would have requested, received, nor considered the documents Defendant now seeks to obtain in evaluating whether to offer Plaintiff a residency position. These documents are no more relevant to the claims and defenses of this lawsuit than Plaintiff's high school transcript or primary school extracurricular awards.

Parties may obtain discovery regarding any nonprivileged matter that is <u>relevant</u> to

1

any party's claim or defense.  Fed.R.Civ.P.26(b)(1), emphasis added.  Evidence is relevant if it has a tendency to make a fact more or less probable than without the evidence and the fact is of consequence in determining the action.  Fed.R.Evid. 401.  The Subpoena Duces Tecum issued to Oklahoma Christian University seeks among other things all documents submitted by Plaintiff in application for admission, any student files, academic performance evaluations, disciplinary records, and Plaintiff's status as a student athlete while attending Oklahoma Christian.  None of the information maintained by Oklahoma Christian University (and it's since closed but affiliated Cascade College) is relevant to the claims asserted by Plaintiff nor the defenses of the National Board of Medical Examiners.  Relevant evidence is the evidence which was and could be considered by residency programs in evaluating Plaintiff as a potential candidate for participation, none of which includes the documents listed by Defendant in the Subpoena Duces Tecum to Oklahoma Christian University.

      WHEREFORE, premises considered, Plaintiff requests this Court quash the Subpoena Duces Tecum issues to Oklahoma Christian University on behalf of Defendants.

Respectfully Submitted,

/s/ Steven E. Clark_____
Steven E. Clark, OBA No. 1712
Heather Mitchell, OBA No. 14035
Katie L. Templeton, OBA No. 21553
CLARK & MITCHELL, P.C.
101 Park Avenue, Suite 210
Oklahoma City, OK 73102
405/235-8488
405/235-7979  (fax)
clark@clarkmitchell.com
heather@clarkmitchell.com
*Attorneys for Plaintiff*


**CERTIFICATE OF SERVICE**

On this 22nd day of July, 2016, I electronically transmitted this document to the Clerk of the Federal Court using the ECF system for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Jack S. Dawson; jdawson@millerdollarhide.com
Amy L. Alden; aalden@millerdollarhide.com
Andrea R. Rust; arust@millerdollarhide.com
*Attorneys for Defendant*

/s/ Steven E. Clark_____