IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

RANDY BLAKE PATTERSON,            )
                                  )
         Plaintiff,               )
                                  )
vs.                               )   NO. CIV-15-1204-HE
                                  )
THE NATIONAL BOARD OF MEDICAL     )
EXAMINERS,                        )
                                  )
         Defendant.               )

## ORDER

Plaintiff has moved to quash a subpoena directed to Oklahoma Christian University ("OCU"), by which defendant seeks various academic and other records of plaintiff.[1] Plaintiff argues materials in his undergraduate record are unrelated to the issues in this case and hence beyond the permissible scope of discovery. Defendant responds that plaintiff lacks standing to challenge the release of the records by OCU, which has not objected to the release. It also argues the records are potentially relevant to the issues here, as they may bear on factors impacting plaintiff's ability or inability to be accepted into a residency program and that, in any event, they are relevant to assessment of plaintiff's credibility.

Defendant's suggestion that plaintiff lacks standing to challenge the release of his own educational and academic records borders on frivolous and there is no need to belabor that issue here. Plaintiff has standing to seek what defendant describes as the "quashal" of the subpoena.

---

[1] The subpoena also references records of Cascade College, an Oregon institution apparently affiliated with Oklahoma Christian University.

The question of whether the records sought are sufficiently relevant to be discoverable is a closer one, but the court concludes they are. In light of the various circumstances alleged in defendant's response, it appears certain of the records may afford a basis for challenging plaintiff's credibility when he testifies.[2] Further, while there is no indication in the parties' current submissions that the referenced matters were known to or relied on by those making decisions about accepting plaintiff into residency programs, they at least arguably relate to matters involving plaintiff's eligibility for educational programs and the broader issues in this case.

Plaintiff's motion to quash [Doc. #57] is therefore **DENIED**.

**IT IS SO ORDERED**.

Dated this 15th day of August, 2016.

JOE HEATON
CHIEF U.S. DISTRICT JUDGE

---

[2] *The scope of discovery is not so broad as to permit a party to seek information solely on the basis that it might be used to discredit a witness. But here, the request is more focused.*