# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| (1) RANDY BLAKE PATTERSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-15-1204-HE |
| | ) | |
| (1) NATIONAL BOARD OF | ) | *(Formerly District Court of Oklahoma* |
| MEDICAL EXAMINERS, | ) | *County Case No. CJ-2015-5283)* |
| | ) | |
| Defendant. | ) | |

## **DEFENDANT'S NOTICE OF SUPPLEMENTAL AUTHORITY**

Defendant, National Board of Medical Examiners ("NBME"), submits this Notice of Supplemental Authority to inform the Court of new authority relevant to NBME's pending motion for summary judgment. On September 30, 2016, the United States District Court for the Eastern District of New York in *Ellinghaus, et al. v. Educational Testing Service, et al.*, No. 15-cv-3442 (E.D.N.Y. Sept. 30, 2016)(attached as Ex. A), dismissed the plaintiffs' complaint against the Educational Testing Service and The College Board.

There, the plaintiffs asserted numerous claims based upon a printing error in the instructions that were given to examinees during an administration of the SAT college admissions test. The claims included a breach of contract claim. According to the plaintiffs, the "printing error itself" was a breach of the parties' contract, as was the defendants' alleged failure to allow the plaintiffs "'to retake the test 'as soon as possible.'" Slip Op. at 9-11.

The court rejected the plaintiffs' contract claim as a matter of law. In doing so, the court noted that the *Student Registration Guide for the SAT* addressed the remedies that would be provided if any testing irregularities occurred during an exam administration. *Id*. at 11. It further noted that, under the terms of the *Guide*, the "enumerated remedies" were the "'sole remedies' available to test-takers as a result of testing irregularities." *Id*. at 11. The court then applied the *Guide*'s terms to the facts of the case, which included the fact that defendants had complied with the *Guide*'s remedial provisions. Stating that plaintiffs had acknowledged that the "the terms of the *Guide* govern the parties' relationship," *id*. at 9, the court held that the plaintiffs "do not have a viable breach of contract claim as to either the printing error itself or Defendants' response to it," *id*. at 12.

The *Ellinghaus* decision is relevant to the argument found on pages 14-16 of the National Board of Medical Examiners' Motion for Summary Judgment and Brief in Support (Dkt. No. 73). As noted there, the USMLE *Bulletin of Information* includes a provision that addresses the remedies that will be provided to examinees if an error occurs in administering a USMLE Step exam, and NBME complied with that provision in responding to the brief power outage that occurred when Mr. Patterson was taking the USMLE Step 2 CS exam. Based on that provision, summary judgment is appropriately entered in favor of NBME.

Respectfully submitted,

   /s/ Amy L. Alden
Jack S. Dawson, OBA No. 2235
Amy L. Alden, OBA No. 16978
MILLER DOLLARHIDE, P.C.
309 N.W. 9th Street
Oklahoma City, OK 73102
Telephone: (405) 236-8541
Facsimile:   (405) 235-8130
jdawson@millerdollarhide.com
aalden@millerdollarhide.com
***Attorneys for Defendant***

## CERTIFICATE OF SERVICE

I hereby certify that on the 31st day of October, 2016, I electronically transmitted the attached document to the Clerk of the Court using the ECF System for filing. Based upon the records currently on file, the Clerk of the Court will transmit a Notice of Electronic Filing to the following ECF registrants:

   Steven E. Clark, clark@clarkmitchell.com
   Heather Mitchell, heather@clarkmitchell.com
   Katie L. Templeton, katie@clarkmitchell.com

   /s/ Amy L. Alden