## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| RANDY BLAKE PATTERSON, )<br>)<br>Plaintiff, )<br>vs. )<br>)<br>THE NATIONAL BOARD OF MEDICAL )<br>EXAMINERS, )<br>)<br>Defendant. ) | NO. CIV-15-1204-HE |

### ORDER

Plaintiff Randy Blake Patterson sued the National Board of Medical Examiners (NBME") for breach of contract based on its administration of one part of the United States Medical Licensing Examination ("USMLE"). Plaintiff claims the breach prevented him from obtaining a residency position in 2013.

The NBME has moved for summary judgment, which is appropriate only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). While plaintiff failed to respond to the motion that "is not, by itself, a sufficient basis on which to enter judgment against the party. The district court must make the additional determination that judgment for the moving party is 'appropriate' under Rule 56." Reed v. Bennett, 312 F.3d 1190, 1195 (10th Cir. 2002). By failing to respond plaintiff has, though, waived the right to controvert the facts alleged in defendant's summary judgment motion. *Id.* Having considered the material, properly supported facts defendant asserted, the court concludes the motion should be granted.

Analysis

Plaintiff's breach of contract claim is based on defendant's asserted failure to allow plaintiff to retake one part of the USMLE, the Step 2 Clinical Skills ("Step 2 CS") exam, quickly enough for the results to be available to prospective residency programs so he could obtain a residency position in 2013. The evidence defendant has submitted establishes that a brief power outage occurred while plaintiff was taking the Step 2 CS exam. Because the outage may have affected plaintiff's ability to pass the test, the NBME offered plaintiff the opportunity to retake it with no additional fee, which he accepted. Under the terms of the parties' agreement, set out in the 2013 USMLE Bulletin of Information,[1] plaintiff's exclusive remedy for errors in administering Step examinations was to "retest at no additional fee or to receive a refund of the examination fee." Doc. #73-1, p. 31. As defendant provided plaintiff with the exclusive remedy available under the terms of their agreement, his breach of contract claim fails.

Defendant also has submitted evidence demonstrating that its asserted failure to allow plaintiff to take the Step 2 CS exam sooner was not why plaintiff did not obtain a residency position in 2013. Other reasons existed, including plaintiff's failure to pass another part of the USMLE.

As plaintiff was provided the exclusive remedy available under the parties' testing agreement, and the asserted breach of the agreement was not the cause of plaintiff's alleged

---

[1] *As defendant notes in its motion for summary judgment, plaintiff bases his breach of contract claim on "obligations outlined in the 2013 Bulletin [of ]Information . . . ." Doc. #73-15, p. 2. (Page references to briefs and exhibits are to the CM/ECF document and page number.)*

injuries, defendant is entitled to summary judgment on plaintiff's breach of contract claim. Accordingly, defendant's motion for summary judgment [Doc. #73] is **GRANTED**.

**IT IS SO ORDERED**.

Dated this 7th day of November, 2016.

JOE HEATON
CHIEF U.S. DISTRICT JUDGE